SYLLABUS

(This syllabus is not part of the opinion of the Court.  It has been prepared by the Office of the Clerk for the convenience of the reader.  It has been neither reviewed nor approved by the Court.  In the interest of brevity, portions of any opinion may not have been summarized.)

**The Bank of New York Mellon v. Marianne Corradetti (A-81-19) (084029)**

**(NOTE:  The Court did not write a plenary opinion in this case.  Instead, the Court reverses the judgment of the Appellate Division substantially for the reasons expressed in Judge Accurso's dissenting opinion, which is published at ___ N.J. Super. ___, ___ (App. Div. 2020) (Accurso, J.A.D., dissenting).)**

**Argued January 5, 2021 -- Decided February 4, 2021**

**PER CURIAM**

In this appeal, the Court considers the trial court's determination that a note, mortgage, and HUD-1 Settlement Statement -- which together reflected a $1,779,000 mortgage loan on the Ocean City property of defendants Anthony and Marianne Corradetti -- were invalid because the defendants' signatures were forged.

Plaintiff Bank of New York Mellon filed a foreclosure complaint against defendants in 2014, claiming the Corradettis had been in default on the $1,779,000 mortgage loan they had received from plaintiff's predecessor in interest, Countrywide Home Loans, Inc. (Countrywide) since April 2009.

In opposition, defendants claimed that the mortgage documents plaintiff presented were forged:  The documents were purportedly signed, and the mortgage was notarized, on September 25, 2006 -- although the HUD-1 form states it was "Printed on 09/26/2006 at 15:52."  Defendants produced proof that they were in Croatia on that day and did not return to the United States until September 26, 2006; they thus could not have signed the documents on September 25.

In October and November 2006, two mortgages on defendants' properties were fully satisfied for $407,000 and $1,352,059.25, respectively.  Defendants admitted the HUD-1 "reflects" that proceeds from the disputed loan were "allegedly used" to satisfy those earlier loans, as well as back taxes, but they denied signing the HUD-1 or being aware of any payment made by Countrywide to the holders of those earlier mortgages.  At the bench trial, Marianne Corradetti testified that she was aware of the larger of the two earlier mortgages but had no knowledge as to how it was paid.  She denied making any of the 29 payments on the Countrywide loan that were made between 2006 and 2009.

1

The trial court found that defendants had "provided clear, satisfactory and convincing evidence to overcome any presumption of authenticity offered by the notarial seal" on the mortgage and that the documents were therefore void as forgeries. In reaching its holding, the court found "[Marianne] Corradetti's testimony with regard to her not signing the subject [mortgage loan documents] on September 25, 2006 to be credible"; however, the court found "her testimony not credible" "as to what other documents were signed or not signed by her and her husband."

The court rejected plaintiff's argument that the payment history for the 2006 loan establishes a ratification of the mortgage, noting that plaintiff had failed to prove it was defendants who actually made the purported payments on that loan. The court reasoned that whoever forged the mortgage documents may have made the payments to cover up the forgeries. The court also found plaintiff failed to present any evidence -- other than the forged and therefore invalid HUD-1 statement -- that the September 2006 loan proceeds were actually used to satisfy the two earlier mortgages. The court found that plaintiff had provided evidence that those earlier mortgages were satisfied, but not by whom, and it rejected plaintiff's reliance on a letter purportedly sent by defendants in response to plaintiff's request for entry of a final judgment in the 2009 foreclosure action. Plaintiffs argued that the letter constituted an admission that plaintiff had a valid mortgage on the property, but the court found that the letter, even if written by defendants -- which Marianne Corradetti disputed -- challenged entry of a final judgment and therefore did not constitute an admission of validity. The court further rejected plaintiff's arguments in favor of enforcing the mortgage under equitable doctrines.

A majority of the Appellate Division panel affirmed that decision but remanded on "the issue of plaintiff's entitlement, if any, to the sums it paid on defendant's behalf." ___ N.J. Super. ___, ___ (App. Div. 2020) (slip op. at 34-35).

Judge Accurso dissented. Id. at ___ (slip op. at 1) (Accurso, J.A.D., dissenting).

After reviewing the reasons for which the record is thin in this case, id. at ___ (slip op. at 1-3), and Marianne Corradetti's testimony, id. at ___ (slip op. at 1-6), the dissent stressed the trial court's determination that only Corradetti's denial of signing the September 2006 loan documents was credible, id. at ___ (slip op. at 6-7). The dissent found inexplicable the trial "court's leap from those findings to its conclusion that the loan documents" are forgeries, explaining that "a finding that a document was not signed on the day it's dated does not ineluctably lead to the conclusion the document was forged." Id. at ___ (slip op. at 7-9).

Noting the trial court's focus on what was missing from the record, id. at ___ (slip op. at 9-10), the dissent listed the record evidence that did support the existence of an agreement between defendants and Countrywide, id. at ___ (slip op. at 10-11).

2

In the dissent's view, the trial "court's finding of forgery, for which the only support in the record is that the documents were not signed on the day they are dated, infected its other findings." Id. at ___ (slip op. at 11). The dissent canvassed examples of the trial court's "suspect" and "seriously flawed" findings, see id. at ___ (slip op. at 11-15), focusing in particular on "[t]he court's conclusions as to the letter purportedly sent by the Corradettis . . . in response to the bank's motion for final judgment," see id. at ___ (slip op. at 15-16). The dissent (1) viewed the trial court's reliance on Marianne Corradetti's testimony that she did not sign that letter to clash with its adverse credibility determination, noted above; and (2) considered it implausible that "typical homeowners" would respond to a motion for the foreclosure of a mortgage they do not recognize with "the three-line letter the Corradettis wrote." Id. at ___ (slip op. at 17-18). In the dissent's view, the letter "obviously does not square" with the defense that the foreclosure is a fraud. Id. at ___ (slip op. at 18). "Reasoned fact finding requires the trier of fact to weigh conflicting evidence, not explain it away by refusing to acknowledge its import for proof of a proposition or its defense," the dissent stated. Id. at ___ (slip op. at 18).

The dissent explained that, to demonstrate entitlement to foreclose on the Corradetti's mortgage, plaintiff "had to prove based on all of the evidence in the record, fairly considered, that it was more likely than not that the Corradettis replaced [their two earlier mortgages] with the . . . Countrywide mortgage," on which they later defaulted. Id. at ___ (slip op. at 19). Instead, the dissent noted, the trial court came to the "extraordinary conclusion" that it was "more likely that someone forged the Corradettis' signatures on the loan documents," paid the closing fees for the 2006 mortgage, paid off the Corradettis' two earlier mortgages, "made payments on the fraudulent mortgage for the next two-and-a-half years to cover their tracks," and then forged the three-line letter when the Corradettis discovered the fraud. Id. at ___ (slip op. at 19-20).

Emphasizing the trial court's credibility determination and concluding that its overall decision was not supported by adequate, substantial and credible evidence in the record, the dissent would have reversed. Id. at ___ (slip op. at 20-21).

Plaintiff appealed as of right, and the Court granted plaintiff's supplementary petition for certification, 243 N.J. 518 (2020).

**HELD:** The judgment of the Appellate Division is reversed substantially for the reasons expressed in Judge Accurso's dissenting opinion. The Court remands for a retrial.

**REVERSED and REMANDED for a retrial**.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, SOLOMON, and PIERRE-LOUIS join in this opinion. JUSTICE PATTERSON did not participate.**

3

SUPREME COURT OF NEW JERSEY

A-81 September Term 2019

084029

The Bank of New York Mellon,
f/k/a The Bank of New York, as
Trustee (CWALT2006-36T2),

Plaintiff-Appellant,

v.

Marianne Corradetti and
Anthony Corradetti, h/w,

Defendants-Respondents,

and

State of New Jersey,

Defendant.

On appeal from and certification to the Superior Court,
Appellate Division, whose opinion is reported at
___ N.J. Super. ___ (App. Div. 2020).

| Argued | Decided |
|---|---|
| January 5, 2021 | February 4, 2021 |

Michael R. O'Donnell argued the cause for appellant
(Riker Danzig Scherer Hyland & Perretti and KML Law
Group, attorneys; Michael R. O'Donnell, of counsel, and
Ronald Z. Ahrens, on the briefs).

1

Randolph C. Lafferty argued the cause for respondents (Cooper Levenson, attorneys; Jennifer B. Barr, on the briefs).

---

PER CURIAM

---

The judgment of the Superior Court, Appellate Division is reversed substantially for the reasons expressed in Judge Accurso's dissenting opinion, reported at ___ N.J. Super. ___ (App. Div. 2020) (Accurso, J.A.D., dissenting). We remand for a retrial.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, SOLOMON, and PIERRE-LOUIS join in this opinion. JUSTICE PATTERSON did not participate.